

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable John T. Hutchison
County Attorney
Lamar County
Paris, Texas

Dear Mr. Hutchison:          Opinion No. O-5932

Re: Authority of Tax Assessor and
Collector to collect fee from
abstractors for issuance of
tax certificate; accountabil-
ity of Tax Assessor and Col-
lector to county for such fees
collected; and authority of
county to refund such fees col-
lected to original payers.

We have received your recent communication, which
we quote from as follows:

"The Tax Assessor-Collector of Lamar County,
Texas, since January 1, 1941, has issued certain
certificates or statements known as 'Tax State-
ments' which are substantially in the following
form:

TAX COLLECTOR'S STATEMENT

THE STATE OF TEXAS )
COUNTY OF LAMAR      )

Description of Property
being owned by:

This is to certify that I have examined the Tax
Records of Lamar County, Texas, and so far as I
can ascertain all County, State and School Taxes
and Assessments have been paid on the above de-
Scribed property to and including the year 1942
and all County and State Taxes and Assessments
have been paid to and including the year     with
the following exceptions,

Tax Collector, Lamar County, Texas.
by_____ Deputy.

Such statements are signed 'O. W. Woodard, Tax
Assessor-Collector of Lamar County' or 'O. W.
Woodard, Tax Assessor-Collector of Lamar County
by                                         Deputy.'

"The Tax Assessor-Collector of Lamar County
has furnished such Tax Statements to members of
the general public requesting same, without
charge, however, a fee of fifty cents (50¢), for
each such statement issued, has been collected
by the Tax Assessor-Collector of Lamar County
from individuals engaged in the abstract busi-
ness. The abstract companies, approximately 1/3
of the time, charged their customers one ($1.00)
dollar for such certificate. However, 2/3 of the
abstracts to which such certificates were attach-
ed no charge was made by the abstract company for
attaching such certificate, the abstracting com-
pany losing or absorbing the amount paid for such
certificate.

"On or about January 1, 1944 the Tax Assessor-
Collector of Lamar County filed, with the County
Auditor of Lamar County, his account showing that
he had collected, for the issuance of such state-
ments, the sum of seven hundred four ($704.00) dol-
lars, from April 1, 1941 to December 1, 1943, which
sum of money was received by the Auditor and was
deposited to the account of Lamar County.

"The abstract companies engaged in the busi-
ness of making abstracts in Lamar County have
filed with the Commissioner's Court a claim for
the refund of such fees, alleging that such fees
were illegally collected without authority of law
and requesting repayment of such fees to them by
the Commissioner's Court.

"The Commissioner's Court has requested my
opinion as County Attorney with reference to the
following questions, substantially.

Honorable John T. Hutchison - page 3

"1. Is the Tax Assessor-Collector of Lamar County, Texas, authorized to charge and collect a fee of fifty cents (50¢) from persons engaged in the abstract business for the issuance of such Tax Statements as hereinbefore set out?

"2. Is the Tax Assessor-Collector of Lamar County required by law to account for and pay over to Lamar County the fees collected by him for the issuance of such Tax Statements?

"3. Is the Commissioner's Court of Lamar County authorized to refund, to the persons or firms originally paying such fees, the fees collected by the Tax Assessor-Collector of Lamar County from abstractors for the issuance of such Tax Statements upon their presenting a claim to the Commissioner's Court for the refund of such fees?"

According to the 1940 Federal census, Lamar County has a population of 50,425.

In the case of Nueces County v. Currington et al, (Sup. Ct.) 162 S. W. (2) 687, wherein Nueces County sought a money judgment against its tax assessor and collector for the amount of certain fees or charges collected by such assessor and collector for the issuance of tax certificates, substantially the same as the "tax statements" about which you inquire, it was held that the tax assessor and collector acted in her official capacity in issuing the tax certificates and receiving therefor the fees sued for by the county; also, that it was her duty to account for and pay same into the county treasury for the benefit of the Officer Salary Fund, and that having failed to do so, and having breached her official duty in that respect, both she and her surety became liable to the county therefor. However, said opinion held further that unless a fee is provided by law for an official service required to be performed and the amount thereof fixed by law, none can lawfully be charged therefor.

Article 7246a, V.A.C.S., was amended in 1941 to provide for certain fees to be charged for the issuance of such tax certificate in counties containing a population of five hundred thousand (500,000) or more, according to the last preceding or any future Federal census, but we have found no fee

Honorable John T. Hutchison - page 4


fixed by law for such services as provided in Article 7324, R.C.S., 1925, in counties of a population of less than five hundred thousand.

Therefore, in view of the above, we answer your first two questions as follows:

    Question No. 1:    No.
    Question No. 2:    Yes.

In the case of Stegall, sheriff, v. McLennan County, (Civ. Apps. -- writ dism., opinion correct) 144 S. W. (2) 1111, wherein the sheriff sued the county for excess fees paid the county, the following rule of law was announced:

"When money is paid under a mutual mistake of law, the mistake of law, in and of itself, is no ground for recovering it back. All persons are equally presumed to know the law, and in such case both parties are equally at fault, and equally innocent of wrong done. To admit ignorance of law to be legally recognized as a fact sufficient in itself to pervert the will of the parties doing the act, so that it should be said and held that the will did not concur with the act done, thereby relieving him from the responsibility for and the consequences of the act, would render the administrations of the law impracticable; and hence the rule is founded upon a political necessity, as well as upon public policy. * * *. Surely, this record discloses that each of the acts done by Sheriff Leslie Stegall and McLennan County in connection with the matter in question was done voluntarily, without compulsion or duress under a mutual mistake of law. * * *."

It is the opinion of this department that under the facts submitted by you the payment of the fees to the Tax Assessor-Collector was done voluntarily and without compulsion or duress under a mutual mistake of law, and we answer your Question No. 3 in the negative.

607

Honorable John T. Hutchison - page 5

Trusting the foregoing satisfactorily answers your questions, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Robert L. Lattimore, Jr.
Robert L. Lattimore, Jr.
Assistant

RLL-MR

APPROVED JUN 3, 1944

(Acting)



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN